JAMES H. SMITH, PLAINTIFF-RESPONDENT, v. DELA-
WARE, LACKAWANNA AND WESTERN RAILROAD
COMPANY, DEFENDANT-APPELLANT.

Submitted July 10, 1916—Decided November 20, 1916.

Where a railroad company lands a passenger not at its regular sta-
tion platform, but in a place where the surface of the ground is
uneven, and the spaces between the rails of the tracks the pas-
senger must cross to reach the station and street are at least five
inches in depth, and in so crossing, without aid from the com-
pany's servants, or warning of the unusual conditions, the pas-
senger is thrown and injured because of the condition, a motion
for nonsuit, upon the ground that plaintiff had not shown that
the construction of the platform and tracks was different from
that in general use under like conditions, was properly refused.
It is not a question of construction, but whether by acts of omis-
sion or commission the defendant neglected to perform its duty
to provide a reasonably safe way for its passengers.

On appeal from the Supreme Court.

For the appellant, *Frederic B. Scott.*

For the respondent, *Arthur A. Palmer.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff was a passenger of the defend-
ant, and his destination Bernardsville, New Jersey. On the
arrival of the train passengers were not delivered at the sta-
tion platform, but the train was stopped on a side track be-
tween which and the station was located the main line of
tracks over which passengers were required to pass to reach
the station. The ground on which the plaintiff was landed
was about three inches lower than the top of the first rail of
the main line, and the surface between the rails five inches
below the top of the rail. In crossing the space between his
landing and the station, plaintiff had to pass in front of a

train standing on the main line, and striking his toe against the first rail he was thrown forward so that his foot struck the ground between the rails of the main line, which was so much lower than the adjacent surface as to cause him to lose his balance, and he fell across the tracks and against the platform, resulting in injuries for which he brought his suit and recovered the judgment from which defendant appeals.

The first point which defendant argues is that it was error to refuse his motion for a nonsuit and direction because there was no proof that the construction of its roadbed and station platform was not the type of construction usual in such cases, and that the sole question remaining was whether the operation of the standing train was such as to create in the mind of the plaintiff a fear of imminent danger. This proposition is based upon a false premise, for the question was not one of construction of railroad or platform, but whether by the operation of its trains the defendant had provided the plaintiff with a proper landing place when he was left with his family between two lines of tracks with an uneven surface to cross, with a reasonable apprehension that the standing train might start, and was compelled to pass over uneven ground in order to leave the company's property.

It was a jury question whether under all these circumstances it was not defendant's duty to warn or assist the plaintiff in proceeding in the only direction the defendant had provided for egress to the street. As was said by Mr. Justice Garrison, speaking for this court in *Gore* v. *Delaware, Lackawanna and Western Railroad Co., ante p.* 224: "The stopping of the train at one place rather than at another, the providing of proper light, the presence of trainmen to assist passengers in alighting under certain circumstances, or to warn them of certain conditions, are pure matters of operation."

Therefore, the motions rested upon the ground of proper construction of platform and tracks were properly refused.

The negligence was not one of construction but of landing a passenger in a place adopted by defendant for the conven-

ient operation of its trains, and whether this course raised a duty which defendant neglected to fulfill was to be determined from all the circumstances, which is the province of a jury.

The next point is, that it was error to leave the question of construction to the jury, the court having charged, as requested by the defendant, that there was no proof of improper construction. We think counsel misconceives the action of the court. The court in charging the jury instructed them that it was the duty of the defendant to provide a reasonably safe place for passengers to leave the train and get to the public street; he then said that defendant contended that this was a reasonably safe place; that the station and tracks were of the ordinary sort, "and that I think is not disputed in the evidence, and it may be that you may find that so far as the construction is concerned, there was nothing for which you could find negligence." We see no error in this; what the defendant contended was that the station and track were so constructed that no negligence could be inferred from that, and that the construction included the way the defendant had furnished. In this part of the charge the court was dealing with the defendant's contention and was more liberal to defendant than it was entitled.

The court, subsequently, in charging as defendant requested, took from the jury any question of the faulty construction of the station and tracks.

There is no error in this record harmful to defendant and the judgment will be affirmed, with costs.

*For affirmance*—The Chancellor, Chief Justice, Garrison, Trenchard, Bergen, Minturn, Kalisch, Black, White, Heppenheimer, Taylor, Gardner, JJ. 12.

*For reversal*—Swayze, Parker, JJ. 2.